ANNA HORROCKS AND JANE VAN BENTHUYSEN, APPELLANTS, _v._ GEORGE E. THOMPSON AND OTHERS, RESPONDENTS.

_Trial before a referee — stenographer's notes taken upon such trial — when the court may compel them to be filed — Code of Civil Procedure, secs._ 83, 84, 1018, 1022.

Where an action brought to foreclose a mortgage has been referred, and the evidence upon the trial has been taken by a stenographer, whose fees have been taxed by the plaintiff in the disbursements, the court may, in its discretion, under sections 83 and 84 of the Code of Civil Procedure, order the plaintiff, when the stenographer's notes are in his possession, to file the same with the county clerk, even though the property has been sold and the judgment and costs fully paid.

APPEAL from an order made at a Special Term, requiring the plaintiffs to file in the Albany county clerk's office the original minutes of the referee and the stenographer, taken on the trial of this action. The motion was made by the attorney for the defendant George E. Thompson, to require C. F. Doyle, one of the plaintiff's attorneys, to deliver such minutes to the said Thompson.

The action was brought for the foreclosure of a mortgage. The referee reported in favor of plaintiffs on all the issues, and ordered judgment of foreclosure and sale. The fees for the stenographer's minutes were included in and taxed as part of the costs. The judgment and stenographer's fees were paid by the sale of the mortgaged premises. The judgment has never been appealed from.

The referee gave the minutes to one of the plaintiffs' attorneys after the trial was ended, and the judgment paid and satisfied.

The plaintiff claimed that the defendants in this action had no interest in the motion, but that the same was made to assist their attorney in another action brought by him for a third person against the plaintiff.

_Doyle & Fitts_, for the appellants.

_E. F. Bullard_, for the respondents.

BY THE COURT:

This action has gone on to judgment, foreclosure and sale. The original minutes of the referee are his private property; with them the court has nothing to do.

It appears that the evidence was taken by a stenographer. Sections 83 and 84, Code Civil Procedure, perhaps do not in express language refer to a trial before a referee, at which a stenographer takes notes. But sections 1018, 1022, etc., have made trials before referees so closely analogous to trials before the court, that it is reasonable to apply sections 83 and 84 to trials before referees. We see no reason why this officer of the court (sec. 52) should not file his notes in the one case as well as in the other, if required to do so.

It is objected that the stenographer's notes are the minutes of the referee, and section 1007 is cited. But that section only says that they may be treated as the minutes of the judge, " for the purposes of this article."

It is objected that the motion is not really made by any party in interest. But the order (sec. 83) may be made in the discretion of a judge, without an application.

We think, then, that the order should be modified so as simply to require the plaintiff to file, within thirty days, the stenographer's notes, and as so modified affirmed, without costs to either party.

Present — LEARNED, P. J., and BOARDMAN, J.; LANDON, J., not acting.

Order modified so as to require plaintiff to file stenographer's minutes only, and as modified affirmed, without costs.